THE ATTORNEY GENERAL v. THE DETROIT & SALINE
PLANK ROAD COMPANY.

*Constitutional law—Introduction of bill—Substitute—Plank-road
companies.*

Act No. 421, Local Acts of 1893, which repeals, under an appro-
priate title, the act incorporating the Detroit & Saline Plank-
Road Company, and provides for winding up its affairs, is
unconstitutional, in that it was reported, after the expiration
of the first 50 days of the session, as a substitute for House
Bill No. 247, introduced within said 50 days, and entitled "A

bill to authorize the cities and townships of the State to acquire by purchase or condemnation all the right of toll or plank-road companies in the streets or highways of such cities or townships, and to authorize such toll or plank-road companies to sell such portions of their roads within such cities or townships in which the same may be located;"[1] citing *Sackrider v. Board of Supervisors*, 79 Mich. 59.

Petition for leave to file an information in the nature of a *quo warranto* to ascertain by what authority respondent claims the right to maintain its road and collect tolls thereon. Argued November 21, 1893. Petition dismissed November 28, 1893. The facts are stated in the opinion.

*A. A. Ellis*, Attorney General (*George F. Robison*, of counsel), for relator.

*C. A. Kent*, for respondent.

McGRATH, J. The Attorney General petitions for leave to file an information in the nature of a *quo warranto* for the purpose of ascertaining by what authority respondent claims the right to maintain its road and collect tolls thereon. The petition is based upon the act of the Legislature of 1893 known as "Local Act No. 421," entitled "An act to repeal an act entitled 'An act to incorporate the Detroit & Saline Plank-Road Company,' approved March 23, 1848, and to provide for winding up the affairs of said company." The first section of said Act No. 421 is the repealing section, and the second section provides that proceedings may be had for winding up the affairs of said corporation in the circuit court, as in cases of forfeiture.

It appears by the House Journal that on February 9, 1893, within the first 50 days of the session, a bill was introduced in the House, entitled "A bill to authorize the cities and townships of the State to acquire by purchase

---

[1] See *City of Grand Rapids v. Burlingame*, 93 Mich. 469.

or condemnation all the right of toll or plank-road companies in the streets or highways of such cities or townships, and to authorize such toll or plank-road companies to sell such portions of their roads within such cities or townships in which the same may be located;" that the bill was entered as "House Bill No. 247," was read a first and second time by its title, and referred to the committee on judiciary; that on May 11 the committee on judiciary was discharged from the further consideration of the bill; that on May 17 the committee on judiciary, pursuant to directions, reported the bill to the House; that on May 18 the bill was referred to the committee of the whole, placed on the general order, and ordered. printed; that on May 20 the committee of the whole reported that they had made sundry amendments to the bill, and recommended its passage; that the House concurred in the amendments, and placed the bill on the order of third reading; that on May 23 the bill was taken from the table, read a third time, and placed upon its passage, but, failing of the necessary two-thirds vote, was not passed; that the vote was then reconsidered, and the bill laid upon the table; that on May 24 the bill was taken from the table and passed.   On each occasion the bill is expressly referred to in the journal as "House Bill No. 247, entitled 'A bill to authorize the cities and townships of the State to acquire by purchase or condemnation all the right of toll or plank-road companies in the streets or highways of such cities or townships, and to authorize such toll or plank-road companies to sell such portions of their roads within such cities or townships in which the same may be located.'" The title to the act under consideration nowhere appears in the journal until after the final vote upon the passage of the bill, when the title was amended so as to read as follows:    "A bill to repeal an act entitled 'An act to incorporate the Detroit & Saline Plank-Road Company,'

approved March 23, 1848, and to provide for winding up the affairs of said company."

The last of the 50 days was February 22. The bill substituted on May 24 was clearly a new bill, and the case is ruled by *Sackrider v. Board of Supervisors,* 79 Mich. 59. The bill introduced provided for the purchase and sale or condemnation of the rights of toll or plank road companies in the streets or highways of cities or townships. It contemplated a taking of property rights, and compensation therefor, and not a forfeiture. It recognized the act under which respondent was incorporated, and property rights acquired and held thereunder. The bill passed repeals the act of incorporation, and recognizes no right to property. In *Attorney General v. Rice,* 64 Mich. 385, and *Hart v. McElroy,* 72 Id. 446, the bills related to the organization of territory into municipalities. The body of the bills did not appear in the journals, and it was held that the presumption must be that the body of the bills related to the same territory. In the present case, however, we have the bill as passed, and the title to the bill introduced, which title sets forth clearly and explicitly the object of the bill presented. While we cannot resort to testimony outside of the journal, we are justified in giving to the journal entries their apparent meaning. The presumption is that the bill introduced had a body, and that the object, the attainment of which was therein provided for, bore some resemblance to the purpose expressed in the title. This presumption must be indulged; otherwise, by the use of scissors and mucilage and an amendment (?) of the title, the constitutional provision may be easily evaded.

In *Attorney General v. Rice, supra,* it is said that—

"The object of the Constitution in providing that no new bill shall be introduced after the first 50 days of the session (article 4, § 28) is to prevent hasty and improvident legislation, and to compel, so far as any previous law can accomplish that result, the careful examination of pro-

posed laws, or, at least, the affording of opportunity for that purpose (Cooley, Const. Lim. 139); and ,also to give the people of the State, or of any locality in the State, an opportunity to be heard upon proposed legislation affecting their interests.    The legislative journals, referring as they do to the titles of all bills introduced, give some warning to the people of the measures introduced."

The legislative journal, up to the date of the passage of this bill,—but a few days before adjournment,—gave no hint that such a bill was under consideration.    Certainly no one was bound to presume that provisions repealing a special act of incorporation, taking away its power to hold property, and compelling a surrender of its property rights, were germane to a title providing for the purchase and sale, within prescribed limits, of rights of property of all corporations.    If such an act was contemplated, the notice was delusive and deceptive.

It is clear that the constitutional provision respecting the introduction of bills has been disregarded, and the petition is therefore dismissed.

The other Justices concurred.